## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

JUDSON NESBITT,                                  Case No. 1:10-cv-686
          Petitioner,

                                                 Beckwith, J.
vs.                                              Litkovitz, M.J.

WARDEN, LEBANON                      **REPORT AND**
CORRECTIONAL INSTITUTION,            **RECOMMENDATION**
          Respondent.

Petitioner, an inmate in state custody at the Lebanon Correctional Institution in Lebanon,

Ohio, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc.

3). This matter is before the Court on respondent's motion to dismiss filed December 10, 2010,

which has not been opposed by petitioner. (Doc. 7).

## I. PROCEDURAL HISTORY

### State Trial Proceeding

On June 1, 2007, the Hamilton County, Ohio, grand jury returned an indictment charging

petitioner with one count of murder in violation of Ohio Rev. Code § 2903.02(A); one count of

murder in violation of Ohio Rev. Code § 2903.02(B); and one count of felonious assault in

violation of Ohio Rev. Code § 2903.11(A)(1). (Doc. 7, Ex. 1). The charges stemmed from an

incident that occurred on May 24-25, 2007, which resulted in the death of petitioner's girlfriend,

whose "injuries indicated that she had been beaten." (*See* Doc. 7, Ex. 14, pp. 2-5).[1]

---

[1]In the indictment, petitioner was charged with alternative murder offenses. In Count One, petitioner was
charged with "purposely caus[ing]" the death of the victim in violation of Ohio Rev. Code § 2903.02(A); in Count
Two, he was charged with causing the death of the victim "as a proximate result of . . . committing or attempting to
commit an offense of violence, to wit: FELONIOUS ASSAULT, which is a felony of the Second Degree," in
violation of Ohio Rev. Code § 2903.02(B). (Doc. 7, Ex. 1).

The matter proceeded to trial before a jury, which was unable to reach a verdict on the

first murder charge, but found petitioner guilty on the remaining two counts charging him with

murder and felonious assault. (*See* Doc. 7, Exs. 5-6). On December 6, 2007, the first murder

count was dismissed at the request of the State. (Doc. 7, Ex. 9). On December 7, 2007,

petitioner was sentenced to an aggregate prison term of twenty-three (23) years to life on the

remaining counts.[2] (Doc. 7, Ex. 10).

## State Appeal Proceedings

With the assistance of new counsel, petitioner timely appealed to the Ohio Court of

Appeals, First Appellate District, raising the following assignments of error:

1. The trial court erred in declining to instruct the jury on the lesser
included/lesser offenses of voluntary manslaughter, involuntary manslaughter, and
assault, in violation of Nesbitt's right to due process of law under the Fourteenth
Amendment to the United States Constitution.

2. The trial court erred in overruling appellant's motions for judgment of acquittal
pursuant to Crim. R. 29.

3. The judgment of conviction is contrary to law and to the Due Process Clause of
the Fourteenth Amendment to the United States Constitution, in that there was
insufficient evidence adduced to establish each and every element of the offenses
charged beyond a reasonable doubt.

4. The judgment of the trial court is contrary to the manifest weight of the
evidence.

5. The trial court erred in imposing consecutive sentences for felony murder and
felonious assault.

6. Nesbitt's felony murder indictment is void; thus his conviction must be
vacated.

---

[2]Specifically, petitioner was sentenced to consecutive terms of imprisonment of fifteen (15) years to life for
the murder offense charged in Count Two and eight (8) years for the felonious assault offense charged in Count
Three. (Doc. 7, Ex. 10).

2

(Doc. 7, Exs. 11-12).

On March 6, 2009, the Ohio Court of Appeals overruled the assignments of error and affirmed the trial court's judgment. (Doc. 7, Ex. 14).

Petitioner did not perfect a timely appeal from the appellate court's decision to the Ohio Supreme Court. On August 14, 2009, he filed a *pro se* notice of appeal and motion for leave to file a delayed appeal with the state supreme court. (Doc. 7, Exs. 15-16). He argued as "good cause" for his delay in filing that he was not informed by his appellate counsel of the Ohio Court of Appeals' direct appeal decision until June 4, 2009, "well past the 45 day [deadline] for filing an appeal" to the Ohio Supreme Court. (Doc. 7, Ex. 16). On September 30, 2009, the Ohio Supreme Court denied petitioner's motion for delayed appeal without opinion. (Doc. 7, Ex. 17).

### Delayed Application To Reopen Appeal

On September 2, 2010, over eleven months after his delayed appeal motion was denied by the Ohio Supreme Court, petitioner filed a *pro se* "Delayed Application For Reopening" of his appeal with the Ohio Court of Appeals, First Appellate District. (Doc. 7, Ex. 18). In the application filed pursuant to Ohio R. App. P. 26(B), petitioner did not provide any explanation for his delay in requesting a reopening of the appeal. Instead, he stated as "good cause" for his untimely filing that his appellate counsel did not notify him of the Ohio Court of Appeals' March 6, 2009 direct appeal decision until after the time to perfect an appeal to the Ohio Supreme Court had expired. (Doc. 7, Ex. 18, p. 2). Petitioner also claimed that his appellate counsel was ineffective in failing to assert four additional assignments of error on direct appeal challenging trial counsel's effectiveness, the prosecutor's misconduct in closing argument, the failure of the State to investigate alibi witnesses, and the court's "inaccurate assessment" of testimony by a

3

State witness "wrongly plac[ing]" petitioner in the victim's apartment at a certain time on May

24, 2007.  (Doc. 7, Ex. 18, pp. 3-4).

On October 6, 2010, the Ohio Court of Appeals overruled petitioner's delayed reopening

application on the ground that petitioner had "failed to provide sufficient reasons for failure to

timely file his application to reopen his appeal."  (Doc. 7, Ex. 20).  Respondent states that

petitioner did not pursue an appeal from that decision to the Ohio Supreme Court.  (Doc. 7, Brief,

p. 6).

### State Post-Conviction Proceeding

On September 7, 2010, a few days after he filed his delayed application for reopening of

the appeal with the Ohio Court of Appeals, petitioner filed a *pro se* "Nunc Pro Tunc Petition To

Vacate Or Set Aside Judgment Of Conviction Or Sentence" with the trial court.  (Doc. 7, Ex. 21).

In the petition for post-conviction relief, petitioner raised three claims challenging trial counsel's

effectiveness and two claims challenging the State's failure to investigate.  (Doc. 7, Ex. 21).

On September 23, 2010, the trial court overruled petitioner's post-conviction petition

without opinion.  (Doc. 7, Ex. 23).  Respondent states that petitioner did not pursue an appeal in

the state courts from that decision.  (Doc. 7, Brief, p. 6).

### Federal Habeas Corpus

The instant petition, which petitioner executed and has declared "was placed in the prison

mailing system on 29th Sept. 2010," was received for filing by the Clerk of Court on October 4,

2010.  (*See* Doc. 3, pp. 1, 13).  Petitioner alleges the following grounds for relief:

> **Ground One:**  The trial court declined to instruct the jury on the lesser
> included/lesser offenses of voluntary manslaughter/involuntary manslaughter and
> assault.  In violation of my right to due process of law under the fourteenth

4

amendment to the U.S. Constitution.

**Ground Two:** There was insufficient evidence to establish each and every element of the offenses charged beyond a reasonable doubt, which is contrary to law and the due process clause of the fourteenth amendment.

**Ground Three:** The judgment of the trial court is contrary to the manifest weight of the evidence. A conviction based on insufficient evidence and one that is contrary to the manifest weight of the evidence offends due process and should be reversed.

**Ground Four:** The trial court erred in overruling appellant's motions for judgment of acquittal pursuant to crime, in that there was insufficient evidence adduced to establish each and every element of the offenses charged beyond a reasonable doubt.

**Ground Five:** The trial court erred in imposing consecutive sentences for felony murder and felonious assault. Where felony murder and felonious assault involve a single animus, Appellant [c]an only be sentenced on one of the offenses.

**Ground Six:** Nesbitt's felony murder indictment is void. Thus his conviction must be vacated. . . . An indictment that fails to include an essential element is fatally defective, [a]nd may be challenged for the first time on appeal.

(Doc. 3).

Respondent has filed a motion to dismiss the petition. (Doc. 7). Respondent contends that the petition is subject to dismissal with prejudice because it is barred from review by the one-year statute of limitations governing federal habeas petitions set forth in 28 U.S.C. § 2244(d). (Doc. 7, Brief, pp. 7-9). Respondent also alternatively argues that petitioner has waived his claims for relief as a result of his procedural defaults in the state courts. (Doc. 7, Brief, pp. 10-12). Petitioner has not responded to respondent's motion to dismiss.

## II. RESPONDENT'S MOTION TO DISMISS (DOC. 7) SHOULD BE GRANTED

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody

5

pursuant to the judgment of a state court must file an application for a writ of habeas corpus

within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct
> review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State
> action in violation of the Constitution or laws of the United States is removed, if
> the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by
> the Supreme Court, if the right has been newly recognized by the Supreme Court
> and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could
> have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the running of the statute of limitations

is tolled during the pendency of a properly filed application for state post-conviction relief or

other collateral review.

In this case, petitioner's six grounds for habeas relief are based on errors allegedly

occurring at trial, which were discoverable and, indeed, known to petitioner given that he raised

them as assignments of error on direct appeal to the Ohio Court of Appeals. (*See* Doc. 3; Doc. 7,

Ex. 12). Therefore, petitioner's claims are governed by the one-year limitations provision set

forth in § 2244(d)(1)(A), which began to run when petitioner's conviction became final by the

conclusion of direct review or expiration of time for seeking such review.

Petitioner's conviction became "final" within the meaning of § 2244(d)(1)(A) on April

20, 2009, when the forty-five day period expired for filing a timely appeal to the Ohio Supreme

6

Court from the Ohio Court of Appeals' March 6, 2009 direct appeal decision.[3] (*See* Doc. 7, Ex.

14). The statute of limitations commenced running on April 21, 2009, one day after petitioner's

conviction became final. *See* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir.

2000).

During the applicable one-year limitations period commencing April 21, 2009, petitioner

was entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) based on any pending "properly

filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. §

2244(d)(2); *see also Holland v. Florida,* __ U.S. __, 130 S.Ct. 2549, 2554 (2010); *Allen v. Siebert,*

552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). "The

tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero);

it can only serve to pause a clock that has not yet fully run." *Vroman,* 346 F.3d at 602 (quoting

*Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is

expired, state collateral review proceedings can no longer serve to avoid the statute of limitations

bar. *Id.*

It is well-settled that a state application for post-conviction relief is "properly filed"

within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the

---

[3]*See* Rule II, § 2(A)(1)(a), Rules of Practice of the Supreme Court of Ohio; *see also Fuller v. Thomas,* 110
F. App'x 496, 497 (6th Cir. 2004) (per curiam). Petitioner is unable to prevail on any claim that his conviction did
not become "final" within the meaning of 28 U.S.C. § 2244(d)(1)(A) until the Ohio Supreme Court denied his
motion for delayed appeal on September 30, 2009. The Supreme Court has held that the *granting* of a delayed
appeal motion restores the pendency of the direct appeal, thereby rendering the conviction non-final under §
2244(d)(1)(A). *See Jimenez v. Quarterman,* 555 U.S. 113, 129 S.Ct. 681, 686 (2009). However, in this case,
petitioner's delayed appeal motion was *denied.* Petitioner's unsuccessful motion did not restart the running of the
statute of limitations under § 2244(d)(1)(A), although, if properly filed, it could serve under 28 U.S.C. § 2244(d)(2)
to toll an unexpired limitations period during its pendency before the state courts. *See, e.g., Searcy v. Carter,* 246
F.3d 515, 518-19 (6th Cir. 2001); *see also Hines v. Brunsman,* No. 3:08cv2916, 2010 WL 750176, at *7, *14 n.1
(N.D. Ohio Feb. 26, 2010); *Keeling v. Warden, Lebanon Corr. Inst.,* No. 1:08cv231, 2009 WL 1065870, at *1, *8
n.6 (S.D. Ohio Apr. 20, 2009) (Barrett, J.; Black, M.J.).

applicable laws and rules governing filings," such as those prescribing the time limits for filing. *Artuz v. Bennett,* 531 U.S. 4, 8 (2000). A state post-conviction petition rejected by the state courts on timeliness grounds is not "properly filed" and, therefore, is not subject to statutory tolling under § 2244(d)(2). *Allen,* 552 U.S. at 5 (citing *Pace v. DiGuglielmo,* 544 U.S. 408 (2005)); *see also Vroman,* 346 F.3d at 603.

"Whether a time limit is jurisdictional, an affirmative defense, or something in between, it is a 'condition to filing' ... [that] places a limit on how long a prisoner can wait before filing a post-conviction petition." *Allen,* 552 U.S. at 6. The existence of certain exceptions to a timely filing requirement does not preclude a finding that a late petition was improperly filed. *Pace,* 544 U.S. at 413. As the Court explained in *Pace*:

> In common understanding, a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more "properly filed" than a petition filed after a time limit that permits no exception. The purpose of AEDPA's statute of limitations confirms this commonsense reading. On petitioner's theory, a state prisoner could toll the statute of limitations at will simply by filing untimely state postconviction petitions. This would turn § 2244(d)(2) into a *de facto* extension mechanism, quite contrary to the purpose of AEDPA, and open the door to abusive delay.

*Id.* Therefore, "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Id.* at 414; *see also Allen,* 552 U.S. at 5-7; *Vroman,* 346 F.3d at 603.

In this case, the statute of limitations ran for 115 days after petitioner's conviction became final in April 2009. At that juncture, on August 14, 2009, petitioner filed his *pro se* notice of appeal and motion for leave to file a delayed appeal with the Ohio Supreme Court. (*See* Doc. 7, Exs. 15-16). Although it can be argued that the delayed appeal motion did not serve to

8

toll the limitations period because it ultimately was denied as untimely, the undersigned will assume in petitioner's favor and in accordance with Sixth Circuit precedents, *see, e.g., Searcy v. Carter,* 246 F.3d 515, 518-19 (6th Cir. 2001), that the statute of limitations was tolled while the motion was pending before the Ohio Supreme Court for ruling. The statute of limitations was tolled on August 14, 2009 and did not start running again until October 1, 2009, one day after the Ohio Supreme Court denied petitioner's motion for delayed appeal. *See Lawrence v. Florida,* 549 U.S. 327, 333-34 (2007) (tolling under 28 U.S.C. § 2244(d)(2) does not include the ninety-day period in which a petitioner could have sought certiorari review in the United States Supreme Court). At that point, 250 days remained in the one-year limitations period, which was thus due to expire on June 8, 2010.

In September 2010, petitioner filed a delayed application for reopening of the appeal and a petition for post-conviction relief in the state courts. (Doc. 7, Exs. 18, 21). However, because the statute of limitations had run its course by then, those additional state collateral review pleadings could not serve to further toll the limitations period under 28 U.S.C. § 2244(d)(2). *See Vroman*, 346 F.3d at 602. Therefore, unless equitable tolling principles apply here, the limitations period expired on June 8, 2010, and the instant petition filed at the earliest on September 29, 2010 is time-barred.[4]

The AEDPA's statute of limitations is not jurisdictional and is subject to equitable tolling in appropriate cases. *Holland*, 130 S.Ct. at 2560; *see also Sherwood v. Prelesnik,* 579 F.3d 581,

---

[4]The filing date of a federal habeas corpus petition submitted by a *pro se* prisoner is the date on which the prisoner provides his papers to prison authorities for mailing. *See Houston v. Lack,* 487 U.S. 266 (1988); *see also Miller v. Collins,* 305 F.3d 491, 497-98 (6th Cir. 2002); *Goins v. Saunders,* 206 F. App'x 497, 499 n.1 (6th Cir. 2006). Because petitioner has averred that he placed his federal habeas corpus petition in the prison mailing system on September 29, 2010 (*see* Doc. 3, p. 13), the undersigned assumes that the petition was filed on that date.

587-88 (6th Cir. 2009); *Allen v. Yukins,* 366 F.3d 396, 401 (6th Cir. 2004); *Dunlap v. United States,* 250 F.3d 1001, 1003 (6th Cir. 2001). The Supreme Court has held that a petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland,* 130 S.Ct. at 2562 (quoting *Pace,* 544 U.S. at 418).

The Sixth Circuit requires the court to consider the following factors in determining whether the statute of limitations governing federal habeas petitions should be equitably tolled:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Sherwood,* 579 F.3d at 588; *Dunlap,* 250 F.3d at 1003, 1008 (citing *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988)). Under this test, the absence of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling. *Dunlap,* 250 F.3d at 1009; *Andrews,* 851 F.2d at 151 (citing *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152 (1984)). The absence of prejudice may only be considered when other factors of the test are met. *Id.*

Here, petitioner has not demonstrated that some extraordinary circumstance prevented him from filing a timely federal habeas corpus petition with this Court. It may be argued that petitioner is entitled to equitable tolling to the extent that he has alleged he was belatedly informed by his appellate counsel of the Ohio Court of Appeals' March 6, 2009 direct appeal decision, which precluded him from filing a timely appeal with the Ohio Supreme Court. However, even according to petitioner's version of events, petitioner was notified of the state

10

appellate court decision by letter dated June 4, 2009 from his appellate counsel. Therefore, he was not prevented by his counsel's notification error from filing a timely federal habeas petition within the one-year limitations period ending over a year later on June 8, 2010.

Petitioner also has not demonstrated that he lacked notice or constructive knowledge of the one-year filing requirement for federal habeas petitions, or that he reasonably has remained ignorant of the requirement which has been in effect since April 1996. Most importantly, it is clear from the record that petitioner has not been diligent in pursuing his rights, particularly given that he waited over eleven months after the Ohio Supreme Court denied his delayed appeal motion to take any action in the state or federal courts to further challenge his conviction or sentence.

Finally, petitioner has not demonstrated that he is entitled to equitable tolling based on a credible showing of actual innocence. *See Souter v. Jones,* 395 F.3d 577, 588 (6th Cir. 2005). Although he has challenged the weight and sufficiency of evidence supporting his convictions, actual innocence means factual innocence, not mere legal insufficiency, based on "new reliable evidence . . . that was not presented at trial." *Id.* at 590 (citing *Bousley v. United States,* 523 U.S. 614, 623 (1998)); *see also Casey v. Tennessee,* 399 F. App'x 47, 48 (6th Cir. 2010).

Accordingly, in sum, the undersigned concludes that under the applicable one-year limitations provision set forth in 28 U.S.C. § 2244(d)(1)(A), the statute of limitations commenced running on April 21, 2009, one day after petitioner's conviction became "final" by the conclusion of direct review or expiration of time for seeking such review. The one-year period ended on June 8, 2010, after taking into account statutory tolling of the statute of limitations while petitioner's motion for delayed appeal was pending before the Ohio Supreme

Court. Equitable tolling principles do not apply to further toll the limitations period in this case. Therefore, respondent's motion to dismiss (Doc. 7) should be **GRANTED**, and the instant habeas corpus petition, filed at the earliest on September 29, 2010 (Doc. 3), should be **DISMISSED** with prejudice because it is time-barred.[5]

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 7) be **GRANTED**, and that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 3) be **DISMISSED** with prejudice on the ground that it is time-barred under 28 U.S.C. § 2244(d).

2. A certificate of appealability should not issue for any of the claims alleged in the petition, which this Court has concluded is barred from review on a procedural ground, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[6]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting

---

[5]The undersigned need not address respondent's alternative ground for dismissing the petition. However, it appears that, as respondent has argued, petitioner has waived his claims for relief due to his procedural default in failing to file a timely appeal to the Ohio Supreme Court. Petitioner has raised a serious "cause" issue in his motion for delayed appeal to the Ohio Supreme Court, stemming from his appellate counsel's failure to timely notify him of the intermediate appellate court decision. However, petitioner procedurally defaulted the "cause" argument because (1) he did not file a timely reopening application with the Ohio Court of Appeals raising the ineffective assistance of appellate counsel claim; and (2) he failed to appeal the Ohio Court of Appeals' decision denying his delayed reopening application to the Ohio Supreme Court. *See Edwards v. Carpenter,* 529 U.S. 446, 452 (2000); *Landrum v. Mitchell,* 625 F.3d 905, 934 (6th Cir. 2010), *petition for cert. filed,* _ U.S.L.W. _ (U.S. Apr. 4, 2011) (No. 10-9911).

[6]Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in any of his time-barred grounds for relief. *See Slack,* 529 U.S. at 484.

this Report and Recommendation would not be taken in "good faith," and therefore **DENY**

petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R.

App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


Date: *5/5/2011*

cbc

Karen L. Litkovitz
United States Magistrate Judge

13

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JUDSON NESBITT,                              Case No. 1:10-cv-686
      Petitioner,

                                    Beckwith, J.
    vs                           Litkovitz, M.J.

WARDEN, LEBANON CORRECTIONAL
INSTITUTION,
      Respondent.


### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of
the recommended disposition, a party may serve and file specific written objections to the
proposed findings and recommendations.   This period may be extended further by the Court on
timely motion for an extension.  Such objections shall specify the portions of the Report objected
to and shall be accompanied by a memorandum of law in support of the objections.  If the Report
and Recommendation is based in whole or in part upon matters occurring on the record at an oral
hearing, the objecting party shall promptly arrange for the transcription of the record, or such
portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the
assigned District Judge otherwise directs.  A party may respond to another party's objections
**WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in
accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140
(1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Judson Nesbitt 567-365
Lebanon Corr. Inst.
PB Box 56
Lebanon, OH 45036

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☑ Agent ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

D. Is delivery address different from Item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)    7001 2510 0008 6348 6878

PS Form 3811, August 2001          Domestic Return Receipt          102595-02-M-1540

1: 10 cv 686 ( Doc. 8)