```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

Judson Nesbitt,  :  Case No. 1:10-cv-686
    Petitioner,  :

vs.  :

Warden, Lebanon Correctional Institution,  :
    Respondent.  :

**ORDER**

Before the Court are Petitioner's objections to the Report and Recommendation of the Magistrate Judge. (Doc. 10) The Magistrate Judge recommends that the Court grant Respondent's motion to dismiss the petition because it is time-barred under 28 U.S.C. §2244(d). (Doc. 8) For the following reasons, the Court adopts the Report and will grant the motion to dismiss.

**FACTUAL BACKGROUND**

The Magistrate Judge's Report thoroughly and ably sets forth the facts of this case. Briefly summarized, Petitioner Nesbitt was indicted by an Ohio grand jury on charges of murder and felonious assault. After a trial before a jury, Nesbitt was found guilty on two counts; he was sentenced on December 7, 2007 to 23 years to life. Nesbitt filed a timely appeal in the Ohio Court of Appeals raising several errors. On March 6, 2009, the

-1-

Court of Appeals affirmed the judgment and conviction.  Nesbitt did not timely appeal that decision to the Ohio Supreme Court.  On August 14, 2009, he filed a pro se motion for leave to pursue a delayed appeal, and argued that his appellate counsel had not told him about the Court of Appeals' decision until June 4, 2009, which was after the 45-day time limit for filing a direct appeal with the Supreme Court.  On September 30, 2009, the Ohio Supreme Court denied his request for a delayed appeal.

On September 2, 2010, Nesbitt filed an application to reopen, pursuant to Ohio Rule App. Proc. 26(B), with the Court of Appeals.  He did not explain his delay in seeking to reopen, but he again stated that his appellate counsel did not timely inform him about the original decision affirming his conviction.  Nesbitt also attempted to raise additional assignments of error, arguing that his appellate counsel had been ineffective in not raising them originally.  The Court of Appeals denied his motion to reopen on October 6, 2010, finding that Nesbitt had not provided good reasons for his delayed application.

Nesbitt also filed a petition to vacate his conviction in the trial court on September 7, 2010, alleging ineffective assistance of trial counsel and claiming that the state did not properly investigate his case.  The trial court overruled his petition without opinion on September 23, 2010.

Nesbitt's petition in this case was filed by the Clerk on

-2-

October 4, 2010.  (Doc. 1)  Nesbitt declares that he placed his petition into the prison mail system on September 29, 2010, and the Court will treat that as the filing date, as recommended by the Magistrate Judge.  He raises six grounds for relief, claiming various errors that occurred during his trial and with respect to his sentence.  Respondent filed a motion to dismiss Nesbitt's petition, arguing that it is clearly time-barred and that Nesbitt procedurally defaulted his claims.  (Doc. 7)  Nesbitt did not respond to the motion to dismiss.

**ANALYSIS**

   The petition in this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides that a petition for habeas corpus relief must be filed within one year from the latest of four events:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>     (D) the date on which the factual predicate
>     of the claim or claims presented could have
>     been discovered through the exercise of due
>     diligence.

28 U.S.C. §2244(d)(1). Subsection (d)(2) also provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Nesbitt's conviction was final on April 20, 2009, the date on which his time for seeking review by the Ohio Supreme Court expired.  The one-year habeas limitations period therefore began to run on April 21, 2009.  Nesbitt's unsuccessful motion to pursue a delayed appeal arguably did not toll this statute because the Supreme Court denied his motion as untimely.  See Pace v. DiGuglielmo, 544 U.S. 408, 413-414 (2005).  However, as the Magistrate Judge recommends, the Court will assume that the period of time in which Nesbitt's motion was pending did toll the habeas statute from August 14, 2009 to October 1, 2009.  On that date, Nesbitt had until June 8, 2010 in which to file his habeas corpus petition.  He waited until September 29, 2010 to do so, and his September 2010 efforts to seek relief in the state court had no effect on the timeliness of his petition because the statute had already expired.  Thus, as the Magistrate Judge concluded, his petition is clearly time-barred unless Nesbitt can establish a basis upon which equitable tolling might apply.

In order to take advantage of this doctrine, Nesbitt must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." Holland v. Florida, ___ U.S. ___, 130 S.Ct. 2549, 2562 (2010) (internal citation omitted).  The Magistrate Judge also cited the Sixth Circuit's decision in Sherwood v. Prelesnik, 579 F.3d 581, 588 (6th Cir. 2009), setting forth several factors pertinent to this determination, including: "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim."

The record in this case does not suggest any basis upon which equitable tolling could apply.  As the Magistrate Judge states, Nesbitt does not identify any extraordinary circumstances that prevented him from timely pursuing any post-conviction remedies, including his habeas petition in this case.  While he does allege that he was not informed of the denial of his direct appeal, he was certainly aware of that decision no later than June 4, 2009.  He does not claim ignorance of any filing requirements; rather, as the Magistrate Judge concluded, Nesbitt has not diligently pursued his rights.  In particular, he waited

eleven months after the denial of his delayed appeal by the Ohio Supreme Court to take any action at all to pursue his challenges to his conviction. Nor does Nesbitt claim that he is actually innocent of the charges on which he was convicted.

In his objections (Doc. 10, which he has titled "Traverse/Reply Brief"), Nesbitt again cites the fact that his appellate lawyer did not timely inform him of the Court of Appeals decision affirming his conviction. He claims that the courts' decision "erects an unwarranted procedural barrier" to his efforts to correct a violation of his Constitutional rights. He also argues that he was denied "fundamental fairness" in the state court proceedings, and that the Ohio courts erred in denying his motion to reopen his appeal and his original conviction. None of these arguments address the untimeliness of his petition, nor suggest a basis upon which equitable tolling could apply. This Court may not consider the merits of Nesbitt's petition when the record clearly demonstrates that the petition is untimely.

As required by 28 U.S.C. §636(b) and Federal Rule of Civil Procedure 72(b), the Court has conducted a de novo review of the record in this case. Upon such review, the Court finds that Nesbitt's objections to the Magistrate Judge's Report and Recommendation are not well taken, and his objections are therefore overruled.

It is therefore ordered that the petition for a writ of habeas corpus is **DENIED** with prejudice. A certificate of appealability shall not issue because jurists of reason would not find it debatable whether this Court's procedural ruling is correct. See <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85 (2000).

This Court **CERTIFIES**, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this Order would not be taken in good faith. Accordingly, Petitioner will not be granted leave to appeal in forma pauperis. See Fed. R. App. P. 24(a); <u>Kincade v. Sparkman</u>, 117 F.3d 949, 952 (6th Cir. 1997).

SO ORDERED.

DATED: August 16, 2011     <u>s/Sandra S. Beckwith</u>
                           Sandra S. Beckwith
                           Senior United States District Judge